UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED CAPITAL FUNDING CORP.,

    Plaintiff(s),

v.                                          CASE NO: 8:05-cv-00402-T-30-MAP

AARON INDUSTRIES, INC.,

    Defendant(s).
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand (Dkt. #5) and Defendant's Memorandum in Opposition (Dkt. #7). This Court, having considered the motion and memoranda, and being otherwise fully advised, finds that this case should be remanded to state court.

The parties agree that Defendant timely filed its Notice of Removal (Dkt. #1) on March 2, 2005. Defendant removed this case based on federal question jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff has moved to remand this action, asserting that this Court lacks subject matter jurisdiction. Defendant argues that there is federal question jurisdiction for disputes involving the collection of freight charges as recognized by the Supreme Court in Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533, 534 (1983).

Thurston recognized that the Interstate Commerce Act gave rise to a federal cause

of action for freight charge collection claims. See Id. at 534. The Court noted that among other things, the Act required carriers to file tariffs with the Interstate Commerce Commission and regulated the collection of unpaid charges. Id. In reaching its decision, the Thurston court noted that "[a] carrier's claim is, of necessity, predicated on the tariff -- not an understanding with the shipper ." Id. at 535.

However, effective January 1, 1996, Congress completed the deregulation of the trucking industry and abolished the Interstate Commerce Commission. See Munitions Carriers Conference, Inc. v. United States, 147 F.3d 1027, 1028-29 (D.C.Cir. 1998). Carriers are, therefore, no longer required to file tariffs with the federal government. Id. at 1029. This Court concludes that any federal cause of action for the collection of freight charges ceased to exist when the Interstate Commerce Commission, along with the regulation of freight tariffs, was eliminated. See e.g. Cent. Transp. Int'l v. Sterling Seating, Inc., 356 F.Supp.2d 786, 788 (E.D. Mich. 2005); Transit Homes of Am., Div. Of Morgan Drive Away, Inc. v. Homes of Legend, Inc., 173 F.Supp.2d 1185, 1189 (N.D. Ala. 2001). Accordingly, the Court finds that removal of this action is deficient because the Court lacks subject matter jurisdiction.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Remand (Dkt. #5) is **GRANTED IN PART AND DENIED IN PART**. The Court finds that this action should be remanded to state court but that Plaintiffs are not entitled to an award of attorney's fees and costs.

2. The Clerk of this Court is directed to **remand** this case to the Circuit Court for the 6th Judicial Circuit in and for Pinellas County, Florida and close this case. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The Clerk is directed to CLOSE this file and terminate any pending motions as moot.

**DONE AND ORDERED** at Tampa, Florida, on this 20 day of May, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel/Parties of Record

0402.wpd